## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHERYL LINTON ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>ISLAND TIME WATERSPORTS (CARIBBEAN) LLC d/b/a DAYDREAMER SAILING<br><br>Defendant. | Case No.:<br><br><br><br>**ACTION FOR DAMAGES**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff CHERYL LINTON ROBINSON by and through the undersigned counsel, and hereby alleges as the basis of her complaint against Defendant ISLAND TIME WATERSPORTS (CARIBBEAN) LLC, d/b/a DAYDREAMER SAILING as follows:

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 exclusive of interest and costs, and based on the diversity of citizenship of the parties.

2.  The plaintiff CHERYL LINTON ROBINSON is an adult resident of the State of Florida, where she resides.

3.  The defendant ISLAND TIME WATERSPORTS (CARIBBEAN), LLC a Delaware limited liability company, was and is the owner and operator of Daydreamer Sailing located and doing business on the island of St. Thomas in the United States Virgin Islands.

4.  On or about August 16, 2022, the plaintiff was a passenger on a Daydreamer Sailing vessel for an excursion for a family reunion.

*Cheryl Linton Robinson vs. Island Time Watersports (Caribbean) LLC d/b/a Daydreamer Sailing*
COMPLAINT
Page 2

      5.     While aboard the vessel, the crew of the Daydreamer vessel announced the itinerary which consisted of sailing along and anchoring somewhere out in the ocean where the passengers would be able to get in the water.

      6.     When the vessel was anchored, the crew brought floating devices, flippers and snorkeling equipment for passengers to use with the Plaintiff choosing snorkel gear and flippers to use during the excursion.

      7.     A young male crew member of the Daydreamer Sailing vessel provided instructions that the flippers were not to be worn on the vessel and that individuals with flippers were only to be put on just before entering the water.

      8.     Plaintiff sat down on the top boat step of the Daydreamer Sailing vessel to put on the flippers. After the flippers were on both feet, Plaintiff was easing her way down the ladder in order to get into the water.

      9.     Plaintiff had just gotten her feet on the ladder when she grabbed a hold of the rails while simultaneously trying to stand so she could descend the water.

      10.     Plaintiff's hand was stuck on the ladder and her finger was caught on the ladder which crushed her finger tighter and tighter.

      11.     Plaintiff screamed out in pain very loudly but the captain and the crew members did not respond or assist Plaintiff following her injury, despite the captain and crew being situated at the helm of the vessel.

      12.     A lady, who was situated on the boat, assisted the Plaintiff with getting her finger out released when it got caught on the ladder.

      13.     Plaintiff noticed that the pain she was experiencing to her finger was immense and her finger turned instantly purple in color after her finger was released from the ladder.

*Cheryl Linton Robinson vs. Island Time Watersports (Caribbean) LLC d/b/a Daydreamer Sailing*
<u>COMPLAINT</u>
Page 3

14. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious injuries to include but not limited to physical pain and suffering, disfigurement, mental anguish, emotional distress, loss of enjoyment of life, loss of income and medical expenses, all of which have accrued in the past, and will continue to accrue into the future.

## COUNT I
### (Negligence and/or Gross Negligence Against Defendant)

15. Plaintiff realleges all preceding paragraphs, which are incorporated herein by reference.

16. Defendant had a duty to the Plaintiff that required Defendant to ensure that the rail on the ladder located at top boat step of the Daydreamer Sailing vessel was in a reasonably safe condition for individuals who were passengers on the vessel, such as the Plaintiff.

17. The obligation creates a duty on the part of the Defendant to ensure that the rail on the ladder located at top boat step of the Daydreamer Sailing vessel is in a reasonably safe condition for individuals who were passengers on the vessel, such as the Plaintiff.

18. Defendant negligently (and/or through gross negligence) breached this duty, including but not limited to in the following respects:

    a. by failing to properly inspect the rail on the ladder located at top boat step of the Daydreamer Sailing vessel;

    b. by failing to properly adjust the rail on the ladder located at top boat step of the Daydreamer Sailing vessel to ensure that fingers would not get caught and tangled and cause injury to the Plaintiff; and

    c. such other acts and omissions as may be proven at the trial of this matter.

*Cheryl Linton Robinson vs. Island Time Watersports (Caribbean) LLC d/b/a Daydreamer Sailing*
COMPLAINT
Page 4

19. That Defendant's breach of the aforementioned duties was the actual and proximate cause of Plaintiff Concordia's injuries.

20. As a direct result of his injury, Plaintiff has been forced to incur medical bills; has suffered severe physical pain, mental suffering and anguish; has suffered permanent injuries; has been prevented in the future and will be hindered from attending to her personal and business affairs.

21. As a direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff suffered losses, including, but not limited to, bodily injury and resulting physical pain and suffering, mental anguish, inconvenience, disability, physical impairment, embarrassment, humiliation, loss of the capacity for the enjoyment of life, lost earnings and loss of earning capacity, expenses of medical care and treatment in the past, and to be so incurred in the future.

22. Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff seeks an award of compensatory damages against the Defendant, ISLAND TIME WATERSPORTS (CARIBBEAN) LLC d/b/a DAYDREAMER sailing, in an amount as determined by the trier of the facts, for costs and fees of this action, pre-judgment interest, post-judgment interest, along with any other relief that the Court deems appropriate, including punitive damages if warranted by the facts.

**A TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES.**

Respectfully submitted,

Dated: October 26, 2023.

*/s/ John P. Fischer*
John P. Fischer. Esq.
VI Bar No. 1232
15B Norre Gade
Charlotte Amalie, VI 00804
Phone: (340) 715-5297
John@yourchampions.com