**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| CHERYL LINTON ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-0053 |
| v. ) | |
| ) | |
| ISLAND TIME WATERSPORTS ) | |
| (CARIBBEAN) LLC d/b/a DAYDREAMER ) | |
| SAILING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

APPEARANCES:

JOHN P. FISCHER, ESQ.
KAREEM L. TODMAN, ESQ.
FISCHER REDAVID, PLLC
ST. THOMAS, VI 00804
    FOR CHERYL LINTON ROBINSON

ADAM N. MARINELLI, ESQ.
BOLTNAGI, PC
ST. THOMAS, VI 00802
    FOR ISLAND TIME WATERSPORTS (CARIBBEAN) LLC

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

    **BEFORE THE COURT** is Defendant Island Time Watersports (Caribbean), LLC d/b/a Daydreamer Sailing's Motion to Dismiss (Mot.) (ECF No. 9), filed on January 13, 2024. Plaintiff filed a response in opposition to the said motion on February 9, 2024, (*see* ECF No. 13), and Defendant filed a reply thereto on March 1, 2024. *See* ECF No. 15. This matter is ripe for adjudication. For the reasons stated below, the Court will grant the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    This case arises out of alleged injuries to Plaintiff during an excursion aboard a vessel owned and operated by Defendant. Complaint (Compl.) (ECF No. 1) at ¶¶ 3, 4, 10. Specifically, Plaintiff alleges that "[o]n or about August 16, 2022, the plaintiff was a passenger on a

Daydreamer Sailing vessel for an excursion for a family reunion." *Id*. at ¶ 4. Plaintiff further alleges that after sailing along in the ocean, the vessel anchored, and the "crew brought floating devices, flippers and snorkeling equipment for passengers to use . . . ." *Id*. at ¶¶ 5, 6. According to Plaintiff, she chose snorkel gear and

> "[s]at down on the top boat step of the Daydreamer Sailing vessel to put on the flippers. After the flippers were on both feet, Plaintiff was easing her way down the ladder in order to get into the water.
>
> 9. Plaintiff had just gotten her feet on the ladder when she grabbed a hold of the rails while simultaneously trying to stand so she could descend the water.
>
> 10. Plaintiff's hand was stuck on the ladder and her finger was caught on the ladder which crushed her finger tighter and tighter.

*Id*. at ¶¶ 6, 8-10.

Plaintiff asserts one count against Defendant styled as negligence and/or gross negligence. *Id*. at 3-4. Defendant moves to dismiss the matter for failing to state a claim upon which relief can be granted. *See* Mot. at 1; Defendant Island Time Watersports (Caribbean), LLC's Memorandum of Law in Support of its Motion to Dismiss (Mem.) (ECF No. 10) at 1-3.

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Insurance Brokerage Antitrust Litig.*, 618 F. 3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party*. Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). *See also Ainger v. Great Am. Assur. Co.*, Civil Action No. 2020-0005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 2022) ("At the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' . . . However, courts may also consider 'an undisputedly authentic document that a defendant attaches as

an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993)) and (collecting cases))).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

In support of her claim(s), Plaintiff alleges that Defendant had a duty "to ensure that the rail on the ladder located at top boat step of the Daydreamer Sailing vessel was in a reasonably safe condition for individuals who were passengers on the vessel, such as Plaintiff." Compl. at ¶ 16. She maintains that Defendant breached that duty by failing to inspect the rail on the ladder and failing to adjust the rail on the ladder "to ensure that fingers

would not get caught and tangled." *Id.* at ¶ 18. Plaintiff claims that such failures were the "actual and proximate cause" of her injuries. *Id.* at ¶ 19.

Defendant asserts that Plaintiff fails to support her negligence claim(s) with sufficient facts to plead a plausible claim for relief. Mem. at 4-7, 8-9. Defendant contends that,

> in order for a Defendant to be held liable for breaching a duty of care owed to a Plaintiff, constructive or actual notice of a foreseeable unreasonable dangerous condition must exist . . .. Here, no factual allegations are made that could reasonably be construed to establish the existence of an unreasonable foreseeable harm. No allegations are pled that the federally required embarkation stepladder was malfunctioning, in disrepair, or otherwise inherently dangerous.

Mem. at 4-5, 6 (citing *Machado v. Yacht Haven LLC*, 61 V.I. 373, 394 (2014)).

In addition, Defendant argues that "Plaintiff's filing of a single Count joint claim of "negligence and/or gross negligence" is not a cognizable cause of action in the Virgin Islands." Mem. at 9.

### A. Single Count

The Court addresses Defendant's argument regarding the single count of the complaint first. As the Court has noted in previous opinions, this type of pleading is not acceptable. Combining several claims within one count is a form of "shotgun" pleading that violates Fed. R. Civ. P. 8(a). *See Stephenson v. Lovango Island Holdings, LLP*, Case No. 3:23-cv-00001, 2024 U.S. Dist. LEXIS 19546 at *6 n.4 (D.V.I. Feb. 4, 2024) (citing *Williams v. Flat Cay Mgmt., LLC*, Case No. 3:22-cv-0002, 2023 U.S. Dist. LEXIS 45245, at *16 n.13 (D.V.I. Mar. 17, 2023)); *Williams v. Flat Cay Mgmt., LLC*, Case No. 3:22-cv-0002, 2023 U.S. Dist. LEXIS 45245, at *16 n.13 (D.V.I. Mar. 17, 2023) (where the Court observes, "[C]ombining all these separate claims into one single count under the heading negligence is improper and is a type of 'shotgun pleading' that violates Fed. R. Civ. P. 8(a)(2)" (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015))).

Plaintiff identifies at least two separate claims within this count: failure to inspect and/or failure to adjust and gross negligence.[1] *See* Compl. at ¶ 18.

---

[1] The Supreme Court of the Virgin Islands has held that a claim for gross negligence is a separate and distinct tort from ordinary negligence. In *Brathwaite v. Xavier*, 71 V.I. 1089 (2019), the court definitively states, "[G]ross negligence means wanton, reckless behavior demonstrating a conscious indifference to the health or safety of

### B. Negligence

In the Virgin Islands, "[a] negligence claim requires (1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff." *Robbins v. Port of Sale*, Case No. ST-12-CV-90, 2018 V.I. LEXIS 110, at *8 (Super. Ct. Oct. 10, 2018) (citing *Machado v. Yacht Haven LLC*, 61 V.I. 373, 380 (2014)). Plaintiff's negligence claim is based upon Defendant's alleged failure to inspect and/or adjust the rail on the ladder. She alleges that Defendant failed "to properly inspect the rail on the ladder located at top boat step of the Daydreamer Sailing vessel . . ." Compl. at ¶ 18(a) and that Defendant failed "to properly adjust the rail on the ladder located at top boat step of the Daydreamer Sailing vessel to ensure that fingers would not get caught and tangled and cause injury to the Plaintiff." *Id*. at ¶ 18(b).

#### 1. Duty

The *Robbins* court explains that the "issue of whether a defendant's behavior conformed to a standard of conduct required is a question of fact, . . . but *whether* a duty exists, and the nature of the legal duty, is generally a question of law to be determined by the Court. *Robbins*, 2018 V.I. LEXIS 110, at *8-9 (citations omitted) (emphasis in original). In the matter at bar, Plaintiff alleges that she "was a passenger" on Defendant's vessel. Compl. at ¶ 4. The Court finds that, by this allegation, Plaintiff establishes a relationship between the parties sufficient to impose a legal duty upon Defendant. Thus, the Court finds that Plaintiff adequately alleges the first element of the tort.

#### 2. Breach of that duty

As Defendant surmises in its Memorandum, Plaintiff's claim appears to be grounded upon treating the ladder rail as a dangerous condition, rather than as an inherently dangerous product or product design. *See* Mem. at 2 n.3. However, Plaintiff fails to identify, articulate, or otherwise aver a standard of care regarding the rail on the ladder.

---

persons or property." *Id*. at 1110. The court then articulates the elements of the tort as: "(1) the defendant owed plaintiff a legal duty of care; (2) the defendant breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to plaintiff; (3) and the defendant's breach constituted the proximate cause of (4) damages to plaintiff." *Id*. at 1111. Further, in applying the holding in *Brathwaite*, the Superior Court has declared: "Because a claim of gross negligence is difference in quality rather than degree from ordinary negligence, each must be presented as an independent claim." *Berumudez v. V.I. Port Auth.*, 76 V.I. 101, 106 (Super. Ct. 2022).

Defendant readily acknowledges that the ladder is required equipment pursuant to United States Coast Guard regulations. Mem. at 5.[2] Notwithstanding such regulation, the complaint is devoid of any citation or reference to any other law, statute, regulation, or other authority regarding how the rail of the ladder qualifies as an alleged "dangerous condition" or how Defendant's alleged failure to inspect and/or adjust the ladder rail either created or contributed to a dangerous condition.

It is well settled that:

> "the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is [not], in and of itself, evidence of a breach of the proprietor's duty of care to his invitees," nor does it "raise[] a presumption of negligence." *Zito v. Merit Outlet Stores*, 436 Pa. Super. 213, 647 A.2d 573, 575 (Pa. Super. Ct. 1994) (internal quotation marks omitted) (quoting *Moultrey v. Great A & P Tea Co.*, 281 Pa. Super. 525, 422 A.2d 593, 596 (Pa. Super. Ct. 1980)). Instead, to give rise to a negligence claim, the possessor must "help[] . . . create the harmful condition" (not alleged here), or "ha[ve] actual or constructive notice of the condition." *Id.*

*Barnett v. United States*, 640 F. App'x 201, 204 (3d Cir. 2016) (where the court analogized the federal government's duty to maintain roads within federal territory in the plaintiff's FTCA claim to an owner or occupier of land's duty to protect invitees from foreseeable harm).

Plaintiff's claim, like the one presented to the *Barnett* court, can be analogized to a negligence claim alleging premises liability. There, in that instance, "if a possessor could anticipate that the conditions on its property would result in injury to those foreseeably

---

[2] In her opposition to the motion, Plaintiff takes issue with Defendant's reference to the Coast Guard regulations and the corresponding documents attached to Defendant's memorandum of law. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Memorandum of Law (Opp'n) (ECF No. 13) at 3-5. However, as noted hereinabove, when deciding a motion to dismiss, courts may consider "matters of public record, as well as undisputedly authentic documents . . . ." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010). *See also Ainger v. Great Am. Assur. Co.*, Civil Action No. 2020-0005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 2022) ("At the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' . . . However, courts may also consider 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss . . . .'") (citations omitted). Unless Plaintiff can show that the said documents are either not matters of public record or somehow not authentic, the Court may consider them.

The Court also notes that Plaintiff's opposition (ECF No. 13) violates the Court's Local Rules, namely, Local Rule of Civil Procedure 5.1(a), which states: "All pleadings, motions, and other papers presented for filing shall be double-spaced, except for quoted material. **Each page shall be numbered consecutively**." *Id*. (emphasis added). In the interest of judicial economy, the Court will not strike the document, but advises Plaintiff and counsel that compliance with the Local Rules is expected and enforced by the Court, and the Court may impose sanctions for any violation thereof.

using the property, the possessor can be held liable for those injuries." *Machado*, 61 V.I. at 394, *quoted in Robbins*, 2018 V.I. LEXIS 110, at *9. "[F]oreseeability of harm 'is the touchstone of the existence of [a land possessor's] duty of reasonable or ordinary care . . . .'" *Machado*, 61 V.I. at 384. The plaintiff in *Machado* contended that the defendant "breached its duty to take reasonable steps to protect her against foreseeable harm." *Id*. at 392. The court states that to support such contention, "Machado was required to produce evidence that could support a finding that Yacht Haven had actual or constructive notice of a dangerous condition." *Id*. (citing *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 529-30 (2013)). *See also Aubain v. Kazi Foods of the V.I., Inc.*, 70 V.I. 943, 950-51 (2019) (where the court explains: "to establish that Kazi breached its duty, Aubain must show that the defendant had actual or constructive notice of the condition, not merely that the incident was foreseeable. . . . Although '[n]otice is bound to the concept of foreseeability in that some knowledge or a reason to anticipate a danger is required,' *Canaday v. Midway Denton U.S.D. No. 433*, 42 Kan. App. 2d 866, 218 P.3d 446, 454 (Kan. Ct. App. 2009), the notice requirement ensures that the defendant had the opportunity to take corrective measures to prevent or warn against a particular hazard before liability attaches." (citing *Cordova v. City of Los Angeles*, 61 Cal. 4th 1099, 190 Cal. Rptr. 3d 850, 353 P.3d 773, 774  (Cal. 2015) (explaining that notice allows the defendant to correct the situation before holding defendant liable); *Ingersoll v. DeBartolo, Inc.*, 123 Wn.2d 649, 869 P.2d 1014, 1015 (Wash. 1994) (explaining that notice " 'afford[s the defendant] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger' ")) (other citations omitted)). And, like a negligence action based upon premises liability, Plaintiff, here, must allege facts sufficient to show both foreseeability and notice to maintain her negligence claim.

While Plaintiff is correct that she is required to plead only the elements of a negligence cause of action and that she has done so, *see* Opp'n at 3-4, a complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 557).³ In the matter at bar, Plaintiff merely alleges the elements of the tort. *See* Compl. at ¶¶ 16-21; Opp'n at 3. The complaint is completely devoid of any factual allegations regarding how the rail of the ladder constituted a "dangerous condition" and either the foreseeability of harm or Defendant's actual or constructive notice of the alleged "dangerous condition" of the ladder rail. According to Plaintiff, Defendant "failed to inspect" the rail of the ladder. *See* Compl. at ¶ 18(a). However, as Defendant argues, Plaintiff fails to allege any supporting facts regarding Defendant's inspections or lack thereof. *See* Mem. at 5 and nn.5-6. In addition, Plaintiff alleges no facts showing how the ladder's rail constituted a "dangerous condition" and/or how an inspection would have put Defendant on notice of the ladder rail's "dangerous condition." The mere fact that Plaintiff's finger got "caught" in the rail is not enough, by itself, to conclude that the rail constituted a "dangerous condition." Consequently, even accepting the factual allegations of the complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has failed to allege a plausible breach of Defendant's duty to act with reasonable care, that is, the second element of the tort.

### 3. Causation

Even assuming *arguendo* that Plaintiff alleged sufficient facts to support her claim that Defendant breached a duty of care, Plaintiff's claim still fails because Plaintiff fails to allege sufficient facts to show that any alleged injuries that she sustained resulted from and were caused by Defendant's alleged failure to inspect/adjust the rail of the ladder. Plaintiff alleges that "when she grabbed a hold of the rails while simultaneously trying to stand . . . Plaintiff's hand was stuck on the ladder and her finger was caught on the ladder which crushed her finger tighter and tighter . . . ." *Id*. at ¶¶ 9-10. The apparent cause of Plaintiff's alleged injuries was her "finger [getting] caught on the ladder . . . while simultaneously trying

---

³ Although, as Plaintiff argues, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim . . . ", *see* Opp'n at 2-4, the *Iqbal* Court announced that Rule 8

> demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." . . . Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal*, 556 U.S. at 678 (citing and quoting *Twombly*, 550 U.S. at 555, 557).

to stand" on the ladder. *Id*. Plaintiff makes no allegations in the complaint connecting any alleged failure to inspect by Defendant to Plaintiff's alleged injuries. The plausibility standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Moreover, allegations that "'are no more than conclusions, are not entitled to the assumption of truth.'" *Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679). Here, Plaintiff seems to conclude that, because her finger got caught in the ladder rail, therefore the ladder and/or rail constituted a "dangerous condition" that Defendant knew or should have known would injure her. This conclusion is not entitled to the assumption of the truth, and the Court is free to disregard it. *See, e.g., Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) ("[W]e 'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)). Because the Court finds that Plaintiff fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, the Court will grant the motion to dismiss.

### C. Gross Negligence

As noted hereinabove, a claim for gross negligence "must be presented as an independent claim" from ordinary negligence." *Bermudez v. V.I. Port Auth.*, 76 V.I. 101, 106 (Super. Ct. 2022). Further, the claim requires a showing not only that the defendant breached a duty, but that the "defendant breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to plaintiff." *Brathwaite,* 71 V.I. at 1111. Plaintiff, in her opposition to the motion, states that she "would withdraw any allegation of Gross Negligence, at this time, without prejudice." Opp'n at 6. Consequently, the Court need not address this claim.

### IV. CONCLUSION

As fully set forth herein, the Court finds that Plaintiff has failed to plead plausible claim(s) against Defendant for negligence based upon a failure to inspect/adjust. Therefore, the Court will grant Defendant's motion to dismiss.

However, the dismissal will be without prejudice, and Plaintiff will be allowed to replead her claim(s) and cure the defects, if possible. *See, e.g., Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").[4]

An appropriate Order follows.

**Dated**: March 20, 2024                                  /s/ *Robert A. Molloy*
                                                                         **ROBERT A. MOLLOY**
                                                                          **Chief Judge**

---

[4] The Court notes that Plaintiff alleges in the complaint that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). While the complaint alleges the citizenship of Plaintiff, the complaint does not properly allege the citizenship of Defendant. Because the Defendant is an LLC, the Plaintiff must allege the citizenship of all members of the LLC. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Accordingly, any amended complaint to be filed in this case must properly allege the citizenship of all the members of the LLC in order to allege diversity jurisdiction properly.