**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **CHERYL LINTON ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 3:23-cv-0053** |
| **v.** ) | |
| ) | |
| **ISLAND TIME WATERSPORTS** ) | |
| **(CARIBBEAN) LLC d/b/a DAYDREAMER** ) | |
| **SAILING,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Island Time Watersports (Caribbean), LLC d/b/a Daydreamer Sailing's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21), filed on April 19, 2024. Plaintiff filed an opposition to the motion (*see* ECF No. 30) (Opp'n), and Defendant filed a reply thereto (*see* ECF No. 31). For the reasons stated below, the Court will deny the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of alleged injuries to Plaintiff during an excursion aboard a vessel owned and operated by Defendant. First Amended Complaint (Am. Compl.) (ECF No. 18) at ¶¶ 4, 7. Specifically, Plaintiff alleges that "[o]n or about August 16, 2022, the plaintiff was a passenger on a Daydreamer Sailing vessel for an excursion for a family reunion." *Id.* at ¶ 7. Plaintiff further alleges that after sailing along in the ocean, the vessel anchored, and the "crew brought floating devices, flippers and snorkeling equipment for passengers to use" and "Plaintiff chose snorkel gear and flippers . . . ." *Id.* at ¶ 9. Then,

> 11. Plaintiff sat down on the top boat step of the Daydreamer Sailing vessel to put on the flippers. After the flippers were on both feet, Plaintiff was easing her way down the ladder in order to get into the water. . . .

> 12. The ladder affixed to the aft of the Daydreamer Sailing Vessel was capable of being flipped up when the vessel was underway and then dropped down into the water to allow passengers to disembark into to the water. . . .

> 16. Plaintiff placed her feet on the ladder when she grabbed a hold of the rails with her hands. Her fingers were underneath the ladder, between the ladder

> and the hull of the vessel. As she attempted to stand on the ladder to descend into the water, her weight caused the ladder to shift back towards the vessel, causing her hand and fingers to be crushed between the ladder and the hull of the vessel.

*Id*. at ¶¶ 11, 12, 16.

The original complaint was dismissed by the Court for failing to allege a plausible claim for relief, but granted Plaintiff leave to amend. *See* Order (ECF No. 17), entered March 20, 2024. In her First Amended Complaint, filed April 5, 2024, Plaintiff asserts one count against Defendant styled as negligent failure to warn. Am. Compl. at 5-7. Defendant again moves to dismiss for failing to state a claim upon which relief can be granted. *See* Mot. at 1; Defendant Island Time Watersports (Caribbean), LLC's Memorandum of Law in Support of its Motion to Dismiss First Amended Complaint (Mem.) (ECF No. 22) at 1-3.

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Insurance Brokerage Antitrust Litig.*, 618 F. 3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010). *See also Ainger v. Great Am. Assur. Co*., Civil Action No. 2020-0005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 2022) ("At the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' . . . However, courts may also consider 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993)) and (collecting cases))).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

In support of her claim, Plaintiff alleges that Defendant had a "duty to warn of dangers that Defendant knew, or should have known about, in the exercise of reasonable care." Am. Compl. at ¶ 23. She maintains that Defendant breached that duty by failing to warn Plaintiff: "of the proper use of the ladder," "of the potential for hands, fingers and other extremities to be caught between the moving ladder and the hull of the vessel when a passenger is descending into the water," and "that the ladder would shift down towards the vessel when descending into the water, so as to create a potential pinching hazard for hands, fingers and other extremities." *Id.* at ¶ 24(a)-(c). Plaintiff also charges that Defendant "either (a) created the dangerous condition . . . ; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition." *Id.* at ¶ 28. Plaintiff claims that

her alleged injuries were the "direct and proximate result of Defendant's negligence." *Id*. at ¶ 33.

Defendant contends that Plaintiff fails to support her negligence claim with sufficient facts to plead a plausible claim for relief, specifically that she fails to allege any facts to "support a finding that any unreasonable dangerous condition existed that she should have been warned about" and that she fails "to plead sufficient facts to establish an act or omission of Island Time was the direct and proximate cause of her alleged injury." Mem. at 5, 8.

It is well established that in the Virgin Islands, "[a] negligence claim requires (1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff." *Robbins v. Port of Sale*, Case No. ST-12-CV-90, 2018 V.I. LEXIS 110, at *8 (Super. Ct. Oct. 10, 2018) (citing *Machado v. Yacht Haven LLC*, 61 V.I. 373, 380 (2014)).

Here, Plaintiff's allegation that she "was a passenger" on Defendant's vessel, Am. Compl. at ¶ 7, establishes a relationship between the parties sufficient to impose a legal duty upon Defendant. Thus, the Court finds that Plaintiff adequately alleges the first element of the tort.

The alleged breach, as identified in the First Amended Complaint, is Defendant's failure to warn Plaintiff about the ladder. It appears that Plaintiff attempts to allege premises liability. *See* Opp'n at 5. Under such theory, as the Court previously observed, Plaintiff "must allege facts sufficient to show both foreseeability and notice to maintain her negligence claim." Memorandum Opinion (ECF No. 16) at 7. While it is a close call whether Plaintiff's allegations amount to more than a mere recitation of the elements of the tort, drawing all reasonable inferences in favor of Plaintiff, as the Court must, the Court finds the allegations sufficient to state a plausible claim.

Similarly, the Court, drawing all reasonable inferences in favor of Plaintiff, also finds the allegations regarding proximate cause to be minimally sufficient to state a claim.

## IV. CONCLUSION

As detailed herein, the Court finds that Plaintiff has pled a plausible claim against Defendant for negligence based upon a failure to warn. Accordingly, it is hereby

*Linton Robinson v. Island Time Watersports (Caribbean) LLC*
Case No. 3:23-cv-0053
Order
Page 5 of 5

      **ORDERED** that Defendant Island Time Watersports (Caribbean), LLC d/b/a Daydreamer Sailing's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 21, is **DENIED**.

**Dated**: October 30, 2025             */s/ Robert A. Molloy*

                                                    **ROBERT A. MOLLOY**
                                                    **Chief Judge**